McLaughlin v. Barnes.

## AMENDMENTS.

[Huron Circuit Court,]

Haynes, Scribner and King, JJ.

### ANN McLAUGHLIN v. ELLA BARNES.

AUTHORITY TO FILE A SECOND AMENDED PETITION.

Under the provisions of sec. 5114, Rev. Stat., the courts have a right to authorize a second amended petition to be filed, and a motion made by the defendant to strike such petition from the files will be overruled.

SCRIBNER, J.

The case of Ann McLaughlin against Ella Barnes, William Holmes and Reuben Stotts, is a petition in error by virtue of which the plaintiff in error prays a reversal upon the grounds as therein stated—upon a judgment rendered by the court of common pleas in favor of the defendant in error against the plaintiff in error.

There have been an original petition and two amended petitions filed in this case. The first petition appears to have been filed on August 27, 1890. The original petition was filed in the name of Ann McLaughlin and Daniel McLaughlin against Ella Barnes, William J. Holmes and Reuben Stotts, a minor, and Avery H. Leonard, his guardian.

After certain proceedings had been had in the case and certain motions had been disposed of, an amended petition was filed by the same plaintiffs—Ann McLaughlin and her husband, Daniel, McLaughlin against the same defendants. In that amended petition the plaintiffs aver in substance that on August 9, 1889, they owned, occupied and possessed, as lessees of an unexpired term, certain premises which are described in the amended petition, and that on August 28, 1889, the defendants entered into conspiracy among themselves for the purpose of driving the plaintiffs away from said premises, and causing them to abandon the same.

That on or about August 28, 1889, in pursuance of the conspiracy so entered into, the defendants entered the dwelling house then occupied by the plaintiffs situated upon said premises and took off the doors and carried them and placed them in a room belonging to one of the defendants and locked them up in that room and that after that, they carried many of the plaintiff's household goods out of doors and left them exposed to the weather; that on the following day, namely, August 29, 1889, after the plaintiffs had carried the greater part of their goods back into the house, the defendants again came on the premises and carried off a large portion of the plaintiff's household goods a second time and again left them exposed to the weather; that on the following day, to-wit, August 30 1889, the defendant, Ella Barnes, in furtherance of the common design of the defendants in the aforesaid conspiracy, to-wit, to drive the plaintiffs from said premises and cause them to abandon the same, commenced civil action against these plaintiffs, in which action she, the said Ella Barnes, made affidavit that she was in possession of the said premises therein described and of the dwelling house thereon, being the same dwelling house occupied by the plaintiffs as had been before alleged, and that the plaintiffs and each of them, against the wishes and contrary to the orders of said defendant, had repeatedly unlawfully entered upon said premises and into said dwelling house and assaulted said defendant, and that these plaintiffs were carrying off and were threatening to carry

off the fruit growing on said premises and convert the same to their own use, all of which affidavit was false as said defendant well knew.

The plaintiffs then proceed to aver that by reason of this affidavit above recited, the defendant, Ella Barnes, obtained an injunction, restraining the plaintiffs from molesting the person of the said defendant, Ella Barnes, from interfering with her occupancy of said premises and the dwelling house thereon and from gathering and caring for the fruit grown and growing thereon.

Then the plaintiffs proceed to aver that on August 30, 1889, after they, the said plaintiffs, had carried in most of their goods, carried out by the defendants on the preceding day, and after the doors had been replaced and locked and fastened by the plaintiffs, the sheriff of the aforesaid county of Huron, served the plaintiffs with notice of the aforesaid temporary restraining order, after which the defendants again came to said dwelling house and by a blow, or blows struck with an ax, burst open one of the doors thereon and went inside of said dwelling house and threw out all of the plaintiffs' household goods and left them exposed to the weather.

It is further averred, "and they forcibly carried and dragged the plaintiff, Ann McLaughlin, and two of the plaintiff's children out of said dwelling house."

The petition proceeds to aver with great particularity the various wrongs committed on the part of the defendants in executing and carrying out the alleged conspiracy and to drive plaintiffs from the possession and enjoyment and occupancy of the premises which are described. After reciting that by reason of these wrongs that were committed by the defendants upon the plaintiffs, they aver that it had injured their health, their household goods were greatly damaged and the fruit grown on the premises was substantially lost to them and that they were injured to the amount of five thousand dollars for which they claim damage.

This petition was met with divers motions and was finally followed by answers on the part of the various defendants in the proceeding. One of the exhibits attached to the answer of one of the defendants purports to be a copy of a lease executed by Ella E. Barnes and Ann McLaughlin— Mrs. Ann McLaughlin being one of the plaintiffs, and Ella E. Barnes the party purporting to be the lessor, being one of the defendants. By the terms of this lease as shown in this copy which is to be regarded as part of the record that appears, it is set forth that the said Ella E. Barnes does hereby covenant and agree with the said Mrs. Ann McLaughlin to do and perform the matters and things following: The said Ella E. Barnes does hereby rent and lease to Mrs. Ann McLaughlin, the farm of about eighty-one and one-half acres situated in Ripley township, Huron county, and state of Ohio, and known as the Reuben Stotts farm for the term of two years at an annual rental of two hundred and fifty dollars, payable as follows—and then it proceeds with the terms of the alleged lease.

There are various answers filed in the case on the part of each and all of these defendants. There was a reply filed to those answers.

At the March term, 1894, in the journal entries in the case forming a part of the record, among other things, this is shown (action on the part of the court):

"March term, to-wit, March 26, 1894. This day came the parties with their attorneys. Also came the following named persons as jurors, to-wit: (And then follows a recital of the names of the jurors who were duly

empaneled and sworn according to law and thereupon the case came on for hearing on the pleadings and evidence.)

Then on March 27, the next day, this entry appears:

"This day again came the said parties by their attorneys and the jury heretofore empanele and sworn, and by leave of court, counsel for plaintiff withdrew a juror from the panel and the residue of the said jury is discharged from the further consideration of the case. And the plaintiffs are granted leave to file an amended petition within ten days. And it is considered and adjudged by the court that plaintiffs pay all costs made in this case up to this date except such as have been heretofore adjudged against defendants."

On May 12, 1894 (the last entry being March 27, 1894), the court makes this order, and these proceedings were had:

"This cause coming on to be heard on the motion of plaintiff, for leave to file an amended petition herein in the name of the plaintiff, Ann McLaughlin alone as plaintiff, omitting therefrom the name of Daniel McLaughlin as one of the plaintiffs, and also the name of Avery H. Leonard as guardian of Reuben H. Stotts, a minor, and was argued by counsel and from the evidence heretofore adduced in this case, before this judge of this court, and statements of counsel, the court find that Daniel McLaughlin has no right or interest in the subject-matter of this action except such as he may have by reason of his being the husband of the plaintiff, Ann McLaughlin, and that the said Reuben Stotts has become of age. It is therefore ordered by the court that said motion be allowed. To which allowance and order of the court, the said defendants, Ella Barnes and Reuben Stotts, duly excepted."

Then on June 11, 1894, this entry appears:

"This cause came on to be heard on the motion of the defendants, to strike from the files the amended petition of plaintiff, and was argued by counsel, on consideration whereof, the court overruled said motion, to which ruling the defendants except, and on application they have leave to plead."

An amended petition having been filed and being substantially in pursuance of the order shortly theretofore made by the court, and being substantially a transcript of the second amended petition which had been filed in the case, except that there is omitted from the case, in pursuance of, and under the authority conferred by the order of the court before noticed, the name of the husband, Daniel McLaughlin, it leaves the case to stand and proceed in the name of Ann McLaughlin, the wife of one of the original plaintiffs in the case.

The motion to strike from the files the amended petition of the plaintiffs was argued by counsel, on consideration whereof, the court overruled said motion, to which ruling the defendants except.

Then at the November term, 1894—at the January term, 1895, this entry appears: "January term, to-wit, January 19, 1895. This cause came on to be heard on the demurrer of the defendant to the plaintiff's amended petition and was argued by counsel, on consideration whereof the court sustains said demurrer, to which ruling the plaintiff excepts, and on application, plaintiff has leave to further amend her petition by interlineation in ten days."

Then two days afterward the court made this order: "This cause came on to be heard on the demurrer of the defendants to the last amended petition of plaintiff, and argued by counsel, on consideration

whereof, the court sustains said demurrer, to which ruling the plaintiff excepts."

Then in a few days thereafter this order was made: "January term, to-wit, February 18, 1895. This day this cause came on to be heard, and the plaintiff not asking to plead further, it is considered by the court, that the defendants go hence without day and recover from the plaintiff their costs herein expended, to which ruling and judgment the plaintiff then and there excepted."

It is to reverse the order to the court of common pleas for sustaining the demurrer to the second amended petition, being the petition of Mrs. Ann McLaughlin, and dismissing the petition, that this petition in error is filed.

The ground assigned in the demurrer which was filed in behalf of the defendants to the second amended petition, is first, that the plaintiff shows by her amended petition that her cause of action is barred, not having been filed within four years from the time of the alleged injury; and in the second place, that it shows no cause of action against the defendants.

The principal question submitted to us upon voluminous briefs, which we have examined with considerable care, is this: Whether or not the original action brought in the name of the husband and wife to recover for the same injuries alleged in the second amended petition of the wife, are of such a nature as to constitute a joint cause of action, or which, upon proof made in the case, shows that the husband had no interest whatever, or no substantial interest in the matters complained of by the plaintiffs in their original petition, and shows such a variance as to constitute a failure of the right to recover, rather than a mere misstatement of facts which, by amendment, might entitle the plaintiffs to proceed.

Without consuming any great amount of time in passing upon this question, I would state as a conclusion reached by us that, in our judgment, the amendment allowed in the case, was proper and right under the system established and practiced in Ohio. We think that, under the provision of sec. 5114, courts have a right to authorize a second amended petition to be filed.

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of the party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved; and when an action or proceeding fails to conform to the provisions of this title, the court may permit the same to be made conformable thereto, by amendment."

Then it is provided by sec. 5295, Rev. Stat., that: "When the variance is not material, the court may direct the fact to be found according to the evidence, and may order an immediate amendment, without costs."

In the present case, before the case had proceeded to trial before the court and the jury, it seems that a juror was withdrawn. Then the balance of the jury were dismissed from further consideration of the case; that the plaintiffs were charged with all the costs which had accrued up to that date, and that substantially, upon a showing made by the defendants, that Daniel McLaughlin was the husband of the plaintiff,

Ann McLaughlin, who had no interest in the proceeding; that the wife was the party solely interested in the matters complained of, and the party who should have prosecuted.    After finding these to be the facts, the court directed the proceedings to be discontinued in behalf of Daniel McLaughlin; that it might proceed in the name of Ann McLaughlin, the wife, who was the real and sole and substantial party interested; and that, upon the second amended petition being filed in the name of Mrs. Ann McLaughlin, embodying substantially all the material allegations of the original petition—upon motion made by the defendants to strike that second amended petition from the files, the court overruled the motion, thus holding and determining that the action of the court in permitting the second amended petition to be filed was proper in the case.    A demurrer was interposed insisting that the second amended petition so filed, did not set forth in substance any cause of action.

Now, independently of the question raised by the statute of limitations, we think very clearly that the petition does set forth a good cause of action in behalf of Mrs. Ann McLaughlin against the defendants, and that upon the allegations of the petition, the plaintiff, Mrs. Ann McLaughlin, was entitled to recover.    So far as it is insisted that there was a variance in the cause of action, and that the bar of the statute of limitation was. interposed upon that ground, it will be observed that it is not a different cause of action, strictly and technically; it is the same matter, only the plaintiff, Mrs. Ann McLaughlin, did join her husband in the proceeding, alleging that it is true that he was one of the lessees of the property; still an allegation of that kind, in our judgment, would not constitute a variance such as is alleged.    We think the amendment which is here made is proper and right and without enlarging further upon the case, we content ourselves by saying that, in our judgment, the court erred in sustaining the general demurrer, and especially the demurrer to the second amended petition, and for that reason the judgment of the court below is reversed, the demurrer overruled and the case remanded for further proceedings according to law.

---

## JUDGMENT—PLEADING—NEGLIGENCE.